■ DONNE COLTON et al., Respondents, v NEW YORK HOSPITAL et al., Appellants.—Order, Supreme Court, New York County, entered January 12,

1977, denying defendants' motion to compel examination before trial of the plaintiff prior to conducting the preliminary hearing, unanimously reversed, on the facts and in the exercise of discretion, and the motion granted, without costs and without disbursements. Examination is to be held on 10 days' written notice as to time and place, or such other time and place as may be agreed to by the parties, and hearing immediately thereafter. On January 25, 1972, Donne Colton had undergone a donor nephrectomy for the benefit of his brother Dudley Colton, Jr., in whom the kidney was transplanted. Prior to undergoing surgery, both brothers executed a covenant not to sue. The donee of the kidney died. The donor, Donne Colton, now claims that the donor nephrectomy in which he participated caused injuries to himself as a result of the malpractice of the defendants. The defendants' position is that the covenant not to sue, which was signed by the plaintiff, operated as a bar to the present lawsuit. On a prior appeal to this court (53 AD2d 588), we directed "a hearing and determination, preliminary to trial of the main issues, of the meaning and effect in law of the instrument dated January 24, 1972, designated, in part, as a 'Covenant Not To Sue Upon And Release Of All Claims[.]' " The plaintiff placed the action on the calendar for the mandated hearing by filing a note of issue "for immediate trial of preliminary issue." The matter was set down for a hearing by order of Justice Mangan, entered September 9, 1976. Pretrial discovery continued, including a deposition of the plaintiff. During the course of that deposition, plaintiff declined to answer questions relating to the release on the theory that the issue was to be explored at the preliminary hearing scheduled therefor. The defendants, by order to show cause, moved for an order directing further deposition of the plaintiff relating to the release. Special Term denied the motion. We would reverse. In the case at bar, the defendants claim that the plaintiff is bound by his having signed a covenant not to sue, while the plaintiff claims that he did not give an informed consent. In order for the preliminary hearing on this issue to be conducted intelligently, it would be a provident exercise of discretion to have a further examination of the plaintiff prior to the hearing to elucidate the underlying facts involved. Concur—Kupferman, J. P., Birns, Lane and Markewich, JJ.